UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CF2 CO., LTD.

*Plaintiff,*

v.

YOCO INC., and  M.A.X. SPORTS ENTERPRISE INC.

*Defendants.*

Case No.:

**COMPLAINT**

## COMPLAINT

Plaintiff, by its attorney, Henry Hong Jung, Esq., as and for its Complaint, allege as follows:

## THE PARTIES

1. CF2 CO., LTD. ("Plaintiff " or "CF2") is a corporation organized under the laws of the Republic of Korea, and has its principal place of business in the Republic of Korea.

2. Upon information and belief, YOCO INC. ("YOCO") is a corporation organized under the laws of the State of New York and has its principal place of business in New York, New York.

3. Upon information and belief, M.A.X. SPORTS ENTERPRISE INC. ("M.A.X.") is a corporation organized under the laws of the State of New York and has its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction over this case as the matter in controversy arises under the laws of the U.S.

5.  Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this case, as the amount in controversy exceeds $75,000, and there is diversity of citizenship between the parties.

6.  Pursuant to 28 U.S.C. §1391, the Venue is proper in this district as Defendants reside or are doing business in this State and District.

## FACTUAL BACKGROUND

7.  Plaintiff is a company primarily engaged in the manufacturing of sportswear.

8.  Upon information and belief, YOCO is a company primarily engaged in import and distribution of sportswear.

9.  Upon information and belief, M.A.X. is a company primarily engaged in import and distribution of sportswear.

10. Upon information and belief, both YOCO and M.A.X. (Collectively "Defendants") are owned and operated by an individual known as Hun C. Park; share offices together and issue purchase orders interchangeably.

11. Upon information and belief, Defendants began placing purchase orders from Plaintiff in 2014.

12. Plaintiff issued invoices to Defendants for their orders in the regular course of its business and Defendants subsequently made payments for their orders to Plaintiff.

13. Plaintiff sold and Defendants purchased the merchandise according to mutually agreed terms until sometime in September 2015 when Defendants continued to issue purchase orders, but payments were not made according to the payment terms previously agreed to.

14. When Plaintiff made a demand for the payment due but not made for the September 2015 shipment, Defendants promised to make the payment requested.

15. Because of the history and good will built over the years between the parties and of Defendants' assurances to make the payments in arrears, Plaintiff had continued to make the requested shipments on Defendants' purchase orders until approximately early September 2016.

16. Between October 2015 and September 2016, Plaintiff repeatedly demanded payments from Defendants for the purchases shipped from Plaintiff.

17. In September 2016, there were thirty-two (32) unpaid invoices in the total sum of $2,131,243.81 (the "Balances for 2015-2016").

18. On or about September 28, 2016, Plaintiff and Defendants had a meeting at Defendants' office in Manhattan in order to resolve the unpaid arrears. (the "September 2016 Meeting").

19. During the September 2016 Meeting, Defendants proposed and remitted a payment schedule (the "Payment Schedule") for the arrears to Plaintiff.

20. Relying on Defendants' promise and representations to make the payment pursuant to the Payment Schedule, Plaintiff continued to make the requested shipments on Defendants' purchase orders.

21. Between November 2017 and December 2018, Defendants made payments for the new purchase orders.

22. However, Defendants repeatedly failed to make the payments as set forth in the Payment Schedule.

23. To make matters worse, Defendants stopped making payments for the purchase orders in January 2019.

24. Following Defendants' repeated breaches of its promises for the payment and to minimize its further losses, Plaintiff ceased doing business with Defendants as of May 2019.

25. In addition to the arrears accrued during 2015-2016 period, there are additional eight (8) outstanding invoices unpaid in the total sum of $832,825.40.

26. As Defendants had continued to default on its payments, Plaintiff flew from Korea to New York City in June 2019, and made a demand for the full payment of the balance ("Demand for Payment").

27. Notwithstanding Plaintiff's demand, Defendants currently have forty (40) outstanding invoices in arrears in the total sum of $3,125,561.81.

28. Of this $3,125,561.81, YOCO is liable for $1,499,058.77. The list of outstanding invoices issued to YOCO is attached as Exhibit A.

29. And M.A.X. is liable for $1,626,503.04. The list of outstanding invoices issued to MAX is attached as Exhibit B.

### FIRST CAUSE OF ACTION
### (Breach of Contract against YOCO)

30. Plaintiff repeats each of the allegations set forth in Paragraphs 1 through 29 above as if fully set forth herein.

31. YOCO has failed to make payments on twenty-seven (27) outstanding invoices as set forth in Exhibit A.

32. As a result of YOCO's breach of Contract, YOCO currently owes $1,499,058.77 to Plaintiff, together with interest accrued and accruing thereon.

### SECOND CAUSE OF ACTION
### (Breach of Contract against M.A.X.)

33. Plaintiff repeats each of the allegations set forth in Paragraphs 1 through 32 above as if fully set forth herein.

34. M.A.X. has failed to make payments on thirteen (13) outstanding invoices as set forth in Exhibit B.

35. As a result of M.A.X.'s breach of Contract, M.A.X. currently owes $1,623,503.04 to Plaintiff, together with interest accrued and accruing thereon.

**THIRD CAUSE OF ACTION**
**(Unjust Enrichment against YOCO)**

36. Plaintiff repeats each of the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. YOCO has been unjustly enriched in the amount of not less than $1,499,058.77.

38. As a result thereof, Plaintiff is entitled to a judgment in that amount against YOCO.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment against M.A.X.)**

39. Plaintiff repeats each of the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. M.A.X. has been unjustly enriched in the amount of not less than $1,623,503.04.

41. As a result thereof, Plaintiff is entitled to a judgment in that amount against M.A.X.

**FIFTH CAUSE OF ACTION**
**(Conversion against YOCO)**

42. Plaintiff repeats each of the allegations set forth in Paragraphs 1 through 41 above as if fully set forth herein.

43. YOCO's conversion of the funds occurred when Plaintiff's Demand for Payment was ignored.

44. For the reason stated in Paragraph 43, there is presently due and owing from YOCO to Plaintiff the sum of not less than $1,499,058.77 together with interest accrued and accruing thereon.

### SIXTH CAUSE OF ACTION
### (Conversion against M.A.X.)

45. Plaintiff repeats each of the allegations set forth in Paragraphs 1 through 44 above as if fully set forth herein.

46. M.A.X.'s conversion of the funds occurred when Plaintiff's Demand for Payment was ignored.

47. For the reason stated in Paragraph 46, there is presently due and owing from M.A.X. to Plaintiff the sum of not less than $1,623,503.04 together with interest accrued and accruing thereon.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

1.     On the First, Third, and Fifth causes of action, judgment in the sum of not less than $1,499,058.77 together with interest accrued and accruing;

2.     On the Second, Fourth, and Sixth causes of action, judgment in the sum of not less than $1,623,503.04 together with interest accrued and accruing;

3.     For Plaintiff's costs and disbursements, including its reasonable attorney's fees, in connection with the prosecution of this action; and

4.       For such other relief in favor of Plaintiff which to this Court fmay seem just,

equitable, and proper.


Dated: New York, New York
        August 19, 2019


                                        /s/ Henry Hong Jung
                                       Henry Hong Jung, Esq.
                                       *Attorneys for Plaintiff*
                                       Jung & Associates P.C.
                                       470 Park Avenue South Suite 7N
                                       New York, NY 10016
                                       (212) 481-0800
                                       (212) 481-0820 (fax)