

## RHA KIM GROSSMAN & MCILWAIN, LLP

266 W 37th Street, Suite 1600, New York, NY 10018
215-10 Northern Blvd., Suite 201, Bayside, NY 11361
Tel.: 718.321.9797  Fax: 718.321.9799
www.rhakimlaw.com

July 27, 2021

Hon. Judge Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:  8/6/2021 |

Re: CF2 Co., LTD v. Yoco Inc., M.A.X. Sports Enterprises Inc. and Hun C. Park
1:19-cv-07774

Dear Hon. Judge Vyskocil,

Our office represents the Defendants in the above-captioned action, and we write jointly with Plaintiff's counsel to seek the Court's guidance in resolving a discovery impasse.  The Parties have conferred via phone on July 21, 2021, but were unable to resolve the issue.

At this time, substantial paper discovery has been completed except as to items identified in a deficiency letter sent by Plaintiffs to my office on July 23, 2021, to which we will promptly respond, and the Parties are in the process of scheduling depositions.  The challenge prompting our letter relates to the medical condition of one key party witness, Hun Park.  In addition to being a named defendant, Mr. Park is the only person who could serve as the Fed R. Civ. Pro Rule 30(b)(6) designee for the two corporate defendants, as (1) both companies have ceased doing business; and (2) Mr. Park was "functionally" in control of both entities, which operated as alter egos of each other.

Several months ago, Mr. Park was diagnosed with Stage IV adenocarcinoma of the lung (lung cancer), which has spread to his brain.  He is undergoing intensive chemotherapy, which has both affected his memory and severely limited his stamina.  Those treatments will continue at least until the end of December, at which time he will be reevaluated.  At this time, he is not able to provide useful or reliable testimony, and requiring him to be deposed, even remotely, would risk further harm.

In the ordinary course, the Parties would stipulate to extending the discovery deadlines. However, the Parties are cognizant of this Court's mandate that discovery must conclude by August 6, 2021.  The Plaintiff has already served deposition notices for Mr. Park and both corporations, scheduled for July 29, 2021, August 3, 2021 and August 6, 2021, but as explained above, Mr. Park cannot safely or fruitfully be deposed at that time.

The Plaintiff's counsel has been sympathetic to Mr. Park's condition, and are not requesting that he be deposed on the July date for Mr. Park and the August dates for YOCO and

M.A.X., but they seek to preserve their client's rights to conduct such depositions as soon as Mr. Park is able to, hopefully before the end of September depending on Mr. Park's medical status at that time.  As the Parties were unable to fashion a solution consistent with this Court's scheduling orders, we are jointly reaching out for guidance.

Plaintiff has served additional subpoenas on the third parties to produce necessary documents and is waiting for the responses. The Parties intend to complete third party depositions as soon as practicable.  We jointly and respectfully ask the Court for guidance on how to proceed, given Mr. Park's inability to provide testimony at this time, and the fast-approaching end of discovery deadline.

Thank you for your time and attention.

Respectfully,

_____

Andrew. D. Grossman, Esq.

**The parties must appear for a telephonic conference on August 12, 2021 at 10:30 AM to discuss the issues outlined in this letter.  To join the conference, dial 888-278-0296 and enter access code 5195844.**

Date: 8/6/2021
New York, New York

Mary Kay Vyskocil
United States District Judge