UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/2021

CF2 CO., LTD,

                    Plaintiff,

            -against-

YOCO INC., M.A.X. SPORTS ENTERPRISE INC.,
and HUN C. PARK,

                Defendants.

1:19-cv-07774 (MKV)

**ORDER PARTIALLY GRANTING
LEAVE TO FILE THIRD
AMENDED COMPLAINT AND
DENYING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

In this case, Plaintiff CF2 Co., Ltd. seeks damages resulting from Defendant YOCO, Inc.'s alleged failure to pay invoices issued by Plaintiff for the sale of various sportswear. Before the Court are motions by all parties. Defendants move to dismiss Plaintiff's Second Amended Complaint [ECF No. 49]. Plaintiff, in turn, opposes the motion, but moves for leave to file a Third Amended Complaint, which would add new claims and parties to this action [ECF No. 56]. Discovery is set to close in this case in November 2021, and Plaintiff's new claims and allegations rely extensively on information gained from discovery about Defendants' financial accounts and transactions. Despite the longevity of this case to date and for the reasons stated herein, Plaintiff's motion for leave to amend is GRANTED IN PART and Defendants' motion to dismiss is DENIED AS MOOT.

The facts of this case are relatively straightforward. Plaintiff is a Korean company primarily engaged in the manufacture and export of sportswear. TAC ¶¶ 1, 10. The corporate defendants are New York companies primarily engaged in the import and sale of sportswear and which purchased products from Plaintiff. TAC ¶¶ 2-4, 11-12, 14. As alleged, the corporate

defendants are owned and controlled by Defendant Hun C. Park and his wife, Kelly S. Park. TAC ¶¶ 5-6.

The dispute at the heart of this action concerns more than $3 million in outstanding invoices for products purchased by one or more Defendants from Plaintiff.  TAC ¶¶ 68, 70-71. Plaintiff's proposed TAC explains that while Defendants were purchasing products from Plaintiff without paying for them, both Mr. and Mrs. Park were raiding the funds of the corporations to pay off gambling debts and to purchase luxury goods, clothing, and jewelry for themselves. *See, e.g.*, TAC ¶¶ 24-29, 69.  In the proposed TAC, Plaintiff seeks to add both Mrs. Park and KP Apparel Group, Inc. ("KP") as defendants, asserting that they, along with Mr. Park, are shareholders of YOCO and M.A.X.  Plaintiff claims that all Defendants operate in concert as alter egos of one another and bases that assertion on myriad financial records showing co-mingling of funds and combined operations of the companies.  *See* TAC ¶¶ 20-22, 47-48.

The Federal Rules of Civil Procedure provide that a court should "freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility."  *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000).  The touchstone for futility is whether the proposed amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b).  *See IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp.*, 783 F.3d 383, 389 (2d Cir. 2015); *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (a claim is not futile if it presents a colorable claim for relief).  Similarly, where an amended pleading seeks to add new parties, a court should permit amendment where "any right to relief is asserted against them jointly,

2

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Courts "will deny a request [to join a party] that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action."  *City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2nd Cir. 2006) (internal quotation marks and citation omitted).

Defendants oppose Plaintiff's motion for leave to amend primarily on the ground that the TAC does not allege sufficient facts to pierce the corporate veil and assert liability against either of the Parks or KP as shareholders of YOCO and M.A.X.  *See* Reply to Plaintiff's Opposition to Motion to Dismiss and Cross-Motion For Leave To Amend [ECF No. 58] at 5-7.  This argument fails.  Under New York law, in order to plead liability against the owner of a corporate entity, a plaintiff must make "a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."  *Morris v. New York State Dept. of Tax'n and Fin.*, 82 N.Y.2d 135, 141. 623 N.E.2d 1157 (1993).  While this is admittedly a "heavy burden," *TNS Hldgs. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 338, 703 N.E.2d 749 (1998), Plaintiff's TAC pleads more than sufficient facts to plausibly allege the claim.  For example, Plaintiff alleges that the Parks extracted more than $11 million from the corporate entities to support Mr. Park's gambling and Mrs. Park's luxury purchases.  TAC ¶ 69.  At the same time, Defendants told Plaintiff that the corporations had no funds with which to pay the then-outstanding invoices—which were far less than $11 million—at least in part because of Mr. Park's gambling habit.  TAC ¶¶ 57, 59.  The TAC also alleges year-by-year accounting of the amounts the Parks took out of corporate accounts to pay for their lifestyle.  *See* TAC ¶¶ 25, 29.

3

For its part, KP is alleged to have been part of the combined venture as the end purchaser of certain of the goods for which Plaintiff was never paid, and a source of funds for the other corporate Defendants.  TAC ¶¶ 20-21, 46-48.  In short, the TAC adequately alleges that corporate entities and the Parks operated as functional alter egos of each other, including with the co-mingling of funds and sharing of assets.  Because, as alleged, the Parks then used their control over the companies to injure Plaintiff (specifically by promising and failing to pay the invoices that were due), the TAC states a claim for shareholder liability and leave to file the TAC with these claims is granted.

Plaintiff's TAC is, however, futile with regard to two specific claims.  First, Plaintiff's proposed fraud claim (alleged in Count Nine of the TAC, ¶¶ 110-125) against the Parks fails under clear New York law.  As alleged in the TAC, Plaintiff asserts that Mr. Park committed fraud by repeatedly reassuring Plaintiff that Defendants would pay the past-due invoices.  *See* TAC ¶¶ 112-17.  However, New York law is clear that "[a] cause of action to recover damages for fraud does not lie when the only fraud charged relates to a breach of contract."  *Carle Place Union Free School Dist. v. Bat-Jac Constr., Inc.*, 28 A.D.3d 596, 598-99, 813 N.Y.S.2d 748 (2d Dep't 2006) (citing *Marshel v Farley*, 21 A.D.3d 935, 800 N.Y.S.2d 760 (2d Dep't 2005)).  Plaintiff's fraud cause of action only asserts damages based on Defendants' failure to pay the past-due invoices for products they purchased.  These harms can be—and are—addressed in Plaintiff's other claims as breaches of contract, and the fraud claim cannot be sustained.

Similarly, Plaintiff's unjust enrichment claim (alleged in Count Ten of the TAC, ¶¶ 126-131) against KP also fails.  As alleged in the TAC, Plaintiff seeks to assert this claim against KP for payment of nine invoices for which it was the end purchaser.  TAC ¶¶ 46, 127-30.  However, New York law is clear that "[a] claim for unjust enrichment, or quasi contract, may not be

4

maintained where a contract exists between the parties covering the same subject matter."
*Goldstein v. CIBC World Markets Corp.*, 6 A.D.3d 295, 296, 776 N.Y.S.2d 12 (2004) (citing
*Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190 (1987)).
By Plaintiff's own admission in the TAC, they seek to hold KP liable for purchase orders (*i.e.*
contracts) that went unpaid.  Plaintiff cannot maintain the unjust enrichment claim where such
contracts exist, and it must be dismissed.

        Finally, there also is no prejudice to Defendants in allowing the amendment outlined
here.  Indeed, Defendants do not even argue that they would be prejudiced by Plaintiff's filing of
the TAC.  *See generally See* Reply to Plaintiff's Opposition to Motion to Dismiss and Cross-
Motion For Leave To Amend [ECF No. 58].  Even if Defendants were to argue that the filing of
the TAC would delay the case against them, that is not so.  The Court clearly has stated that
discovery will close in this case on November 30, 2021 and that there will be no further
extensions of that deadline.  *See* Order [ECF No. 61].  The Court also previously has warned the
parties that even if the Court grants Plaintiff leave to file the TAC, discovery would not be
extended on that basis.  *See* Order [ECF No. 55].  To that end, at the last conference in this case
and after a request by Plaintiff, the Court ordered Defendants to make Mrs. Park available for a
deposition, despite not yet being named as a Defendant in the operative complaint.  *See* Order
[ECF No. 61].  Other than the new claims and parties added in the TAC, which the Court already
has considered, amendment changes nothing about this case and cannot be found to prejudice
Defendants at all.

        In short, Plaintiff seeks leave to file a Third Amended Complaint in response to
arguments made in Defendant's motion to dismiss the Second Amended Complaint.
Defendant's objections to the proposed amendment largely are of no moment, and Plaintiff is

GRANTED leave to file its Third Amended Complaint as set out herein.  While the TAC is permitted to name Mrs. Park and KP as defendants, Plaintiff's proposed fraud and unjust enrichment causes of action are futile because they are precluded by New York law.  Thus, they should be omitted in the TAC.  Defendants have stated no other reason why the TAC should be barred or why they would be unduly prejudiced by its filing.

Plaintiff must file its TAC, with the changes anticipated herein and only those changes, on or before September 27, 2021.  Because Plaintiff's motion for leave to amend is granted, Defendants' motion to dismiss the Second Amended Complaint is DENIED AS MOOT.  The Clerk of Court respectfully is requested to close the motion at ECF No. 49.

**SO ORDERED.**

**Date:   September 21, 2021**
**New York, NY**

MARY KAY VYSKOCIL
United States District Judge